IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

STEVEN L. MIMS, §
(Tarrant No. 0469195), §
    Plaintiff, §
§
vs. § Civil Action No. 4:20-CV-1179-P
§
DAVID C. HAGERMAN, §
Judge, 297th District Court, §
Tarrant County, Texas, et al., §
§
    Defendants. §

**OPINION and ORDER OF DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**

The case is before the Court for review of pro-se-inmate/plaintiff Steven L. Mims's ("Mims") complaint under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After conducting that review, the Court finds that all claims asserted by plaintiff Mims must be dismissed under authority of these provisions.[1]

**BACKGROUND**

Mims initiated this case with the filing of a civil-rights complaint form seeking relief for violations of his constitutional rights under 42 U.S.C. § 1983. Compl. 1-15, ECF No. 1. In the complaint, Mims named five defendants: 297th District Court Judge David C. Hagerman; Tarrant County Assistant District Attorney Emily Kirby; private attorney Glynis A. McGinty; the Grand Prairie Police Department, and the Fort Worth Police Department.

---

[1] Although Mims recently filed a motion for appointment of counsel, because the Court has determined his claims must be dismissed under authority of these provisions, the motion for appointment of counsel (ECF No. 10) is **DENIED**.

Compl.1, 3, ECF No. 1. Mims alleges the same conclusory claim against four of the defendants: "deprivation of life and liberty without due process of law." *Id*. at 3. With regard to attorney McGinty, he alleges "ineffective counsel." *Id.*

Mims has provided a copy of an indictment filed in the 297th District Court for case number 1634837D, charging him in count one with intent to deliver a controlled substance, and in count two with possession of a controlled substance. *Id*. at 7. Mims writes the following statement of claim:

> I was arrested on March 4, 2000 in Grand Prairie, TX on a drug charge. I'm innocent! They found drugs in a car that I was a passenger in but charged me with the drugs because of my past. My family and I have made numerous attempts to contact my attorney but to no avail, resulting in my filing a grievance with the state bar. My attorney said there will be no trials until next year but I can always take a plea deal for 12 yrs. if I want. She hasn't filed anything for me that I've asked. I really feel like my attorney is trying to help convict me. The indictment has to be accurate but mine isn't. On my indictment it has the Grand Prairie P.D. as the agency that's taking me to trial. When I asked my attorney about the indictment and I know they're trying to use it as a scare tactic, all she said was, "yeah you're right Mr. Mims." She hasn't done anything to clear me or my name. They found and charged me with methamphetamines and MDMA, which was a lot, but only indicted me on the methamphetamines because I have priors. It all came from a bag under the seat in a rental car, in which I was only a passenger but the only one with a criminal record.

Compl. 4-5, ECF No. 1. As relief in this proceeding, Mims seeks to be "compensated for the time spent away from my family," and he seeks immediate release. *Id.* at 4.

**LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)**

Plaintiff Mims is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A,

which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Mims is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both §1915(e)(2) and §1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lack an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

**ANALYSIS**

**A.  Absolute Immunity**

    1.    <u>District Judge Hagerman</u>

With regard to Plaintiff's claims for monetary compensation against Judge Hagerman, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 11 (1991) (citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994). Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284. Mims does not make this showing. Rather, his claims arise solely from alleged conduct which occurred during and arising from the criminal case presided over by Judge Hagerman. Because the complained-of conduct by Judge Hagerman was judicial in nature and undertaken pursuant to the jurisdiction provided to the 297th District Court, Tarrant County, Texas. Judge Hagerman is entitled to absolute immunity from Plaintiff's claims for compensatory monetary damages.

    2.    <u>Assistant District Attorney Emily Kirby</u>

The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424

U.S. 409, 431 (1976). The Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the [government]." *Imbler*, 424 U.S. at 431 n 33. Here, even assuming Mims's allegations against Emily Kirby are true, Kirby would have taken such action in her role as a prosecutor on behalf of the State of Texas. Thus, defendant Kirby is entitled to absolute prosecutorial immunity from any claim for compensatory monetary damages.

**B.     No Color of Law**

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir. 1993). As to Mims's extensive allegations against his attorney, he has failed to satisfy the second element. Mims has failed to show that Glynis McGinty, a private attorney, acted under color of law. Because an attorney, whether private or appointed, owes her only duty to the client and not to the public or the state, her actions are not chargeable to the state. *See Thompson v. Aland*, 639 F.Supp. 724, 728 (N.D. Tex. 1986) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993). Furthermore, Plaintiff has made no allegation that McGinty was acting on behalf of the government or in

5

any conspiracy with government officials. Thus, Mims has not alleged facts to show that McGinty was acting under color of law, such that any claim for violation of Mims's constitutional rights asserted through 42 U.S.C. § 1983 against this defendant must be dismissed.

**C.     *Younger* Abstention**

With regard to Mims's remaining factual allegations against the Grand Prairie and Fort Worth police departments, the Court notes that, under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings except under extraordinary circumstances not shown here. *Younger v. Harris*, 401 U.S. 37, 49-52 (1971); *see also Louisiana Deb. and Lit. Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489-90 (5th Cir. 1995). Abstention is required under the *Younger* doctrine when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Louisiana Deb. and Lit. Ass'n*, 42 F.3d at 1490. As to *Younger's* application to ongoing criminal prosecutions, this court should abstain except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Texas*, No. 7:04-CV-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (collecting cases); *see also Younger*, 401 U.S. at 44.

All prerequisites for abstention under *Younger* are met here. There are ongoing state

judicial criminal proceedings. "The state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 11171, 1176 (5th Cir. 1984). Mims has a full opportunity to raise constitutional challenges in the ongoing state prosecution, on direct appeal in the event of a conviction (s), or through a state habeas writ challenging his detention or conviction. *See DeSpain*, 731 F2d at 1176; *see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (recognizing that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"). The Court will therefore abstain from jurisdiction over Mims's remaining claims. *See generally Phillips v Dallas Cnty. Sheriff's Dep't*, No. 3:16-CV-1680-D, 2017 WL 658749, at *2 (N.D. Tex. Jan. 12, 2017) (finding that claims of unlawful arrest against the Dallas Police Department should be dismissed under the *Younger* abstention doctrine), *rep. and rec. adopted*, 2017 WL 635086 (N.D. Tex. Feb. 16, 2017). Thus, the Court concludes that Mims's claims under 42 U.S.C. § 1983 against the remaining defendants must be dismissed.

**D.     Claim for Release Not Addressed**

As noted above, Mims's complaint in part challenges the fact and duration of his confinement. Although styled as a civil rights action under 42 U.S.C. § 1983, and filed on a form to seek such relief, Mims also challenges his confinement and seeks release. Compl. 4, ECF No. 1. A § 1983 complaint is not the proper action in which to assert habeas corpus claims. A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitled him to release must pursue habeas corpus relief rather

7

than civil rights relief under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Caldwell v. Line*, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although Mims has filed a complaint on a form reserved for § 1983 complaint, his claim to be entitled to release must be pursued through a petition for writ of habeas corpus. The Court will dismiss this claim without prejudice to Mims's right to seek habeas corpus relief.

## CONCLUSION

It is therefore **ORDERED** that all plaintiff Steven Mims's claims for monetary damages against District Judge David C. Hagerman and Assistant District Attorney Emily Kirby are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii). It is further **ORDERED** that all Mims's remaining claims against Glynis McGinty and the Grand Prairie and Fort Worth police departments are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii). It is further **ORDERED** that Mims's claim seeking immediate release from confinement is **DISMISSED WITHOUT PREJUDICE** to his ability to seek relief through a habeas corpus proceeding.

**SO ORDERED** this **1st day** of **June, 2021**.

*/s/ Mark T. Pittman*
Mark T. Pittman
UNITED STATES DISTRICT JUDGE